UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

HENRY ANTOINE SAUNDERS,
*Prisoner Identification No. 38049-037*,

    Plaintiff,

    v.

FELICIA C. CANNON and
PATRICIA K. FOSBROOK,

    Defendants.

Civil Action No. TDC-16-1812

**MEMORANDUM ORDER**

On May 19, 2016, Plaintiff Henry Antoine Saunders, a self-represented inmate at Federal Correctional Institution-Loretto in Loretto, Pennsylvania, filed a complaint alleging that Defendants Felicia C. Cannon, Clerk of the Court for the United States District Court for the District of Maryland, and Deputy Clerk Patricia K. Fosbrook violated his due process rights under the Fifth Amendment to the United States Constitution. For the reasons set forth below, the Complaint is DISMISSED, and all pending motions are DENIED.

**BACKGROUND**

On December 13, 2004, Saunders appeared before the Honorable Deborah K. Chasanow, United States District Judge for the District of Maryland, to receive a sentence following his conviction for conspiracy to distribute controlled substances and possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 846 and 18 U.S.C. § 924(c). At his sentencing, Saunders asserted that the court lacked jurisdiction over him because he is a "live flesh and blood man, here in special visitation under threats, duress, and coercion," and

because no verified complaint had been filed against him.  Compl. Ex., Sentencing Transcript at 2:16-24.  Saunders requested that the court dismiss the charges against him.  He also stated that he had fired his attorney.

Judge Chasanow sentenced Saunders to 181 months of imprisonment.  Judge Chasanow informed Saunders of his right to appeal that sentence and stated that, "out of an abundance of caution," she would "request that the clerk enter an appeal on his behalf" within ten days of the judgment.  *Id.* at 51:14-19.  Saunders's terminated counsel and the Assistant United States Attorney expressed agreement with that approach.  When Judge Chasanow suggested that Saunders should complete a financial affidavit attesting to his indigency, Saunders's terminated counsel requested that Judge Chasanow make a finding that he was indigent based on the financial information he had submitted to the United States Probation and Pretrial Services Office.  Judge Chasanow stated that if Saunders had not provided the information to Probation under oath, then he might need to attest to it separately.  She then stated, "So probably I will go ahead and authorize *in forma pauperis* filing and appeal at this juncture, particularly given, as I say, the length of the sentence that I have just imposed."  *Id.* at 53:9-12.

On December 14, 2004, a Notice of Appeal and a Motion and Affidavit in Support for Leave to Appeal *In Forma Pauperis* were docketed in Saunders's case.  The Notice of Appeal, signed by Fosbrook, stated that Saunders was appealing the judgment in his case, and that the Notice was entered by the clerk pursuant to Federal Rule of Criminal Procedure 32.  The Motion, also signed by Fosbrook, stated that Saunders moved for leave to file his appeal *in forma pauperis*.  The unsigned affidavit accompanying the Motion indicated that Saunders had no income.  That same day, Judge Chasanow granted the Motion.  The United States Court of

Appeals for the Fourth Circuit subsequently appointed counsel to represent Saunders on his appeal. On May 2, 2006, the Fourth Circuit affirmed the judgment of the district court.

On May 19, 2016, Saunders filed a Complaint in the United States District Court for the District of Columbia, accompanied by a Motion for Leave to Proceed *In Forma Pauperis*. The Complaint alleges that the Notice of Appeal and the Motion and Affidavit in Support for Leave to Appeal *In Forma Pauperis* filed after Saunders was sentenced were fraudulent because they "were executed without his knowledge, authority, or request." Compl. ¶ 9. He claims that the documents should have indicated that they were filed at the direction of the Court. Saunders asserts that the filing of these documents violated his due process rights under the Fifth Amendment to the United States Constitution. He seeks a declaratory judgment that the record of his criminal proceedings be deemed "void" and an injunction prohibiting that record from being used against him. *Id.* at 7-8. On May 19, 2016, the United States District Court for the District of Columbia (Jackson, J.) issued an order finding that it was not a proper venue for the case and transferring the matter to the United States District Court for the District of Maryland.

On June 13, 2016, this Court granted Saunders's Motion for Leave to Proceed *In Forma Pauperis*. On June 24, 2016, Saunders filed a Motion for Notice of Errors on the Record, complaining that his Motion for Reconsideration of the transfer order, received by the United States District Court for the District of Columbia on June 2, 2016, was not docketed. On July 5, 2016, Saunders filed a Motion for Leave to Dismiss Without Prejudice Subject to Refiling an Amended Complaint in D.C. Circuit. The Motion indicates that Saunders wishes to file an amended complaint in the "D.C. Circuit" to "address and correct all inaccuracies and due process violations that have occurred prior to the transfer of this case by the Clerk of the D.C. Court, as

there are no administrative remedies for official misconduct and civil rights redress." Mot. for Leave to Dismiss at 1.

## DISCUSSION

### I. Legal Standard

A district court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a) (2012). The court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). As with other civil complaints, a prisoner's complaint "must contain 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court accepts the factual allegations in the Complaint as true, draws all reasonable inferences from those facts in the plaintiff's favor, and affords a liberal construction to the allegations of a *pro se* prisoner plaintiff. *Id.* The court may dismiss the action *sua sponte* on the basis of an affirmative defense if that defense is "apparent from the facts alleged in the complaint." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005).

### II. Immunity

Quasi-judicial officers, such as clerks of court, are entitled to absolute immunity from suit when they act "in obedience to a judicial order or under the court's direction." *McCray v. State of Md.*, 456 F.2d 1, 5 (4th Cir. 1972); *see Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (holding that clerks of the court are immune from suit for actions that are "basic and integral" to the judicial function); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (holding the clerk of court to be absolutely immune for issuing an erroneous warrant pursuant to the court's order); *see also Hamilton v. Murray*, No. 15-2406, 2016 WL 2806039, at *1 (4th Cir.

May 13, 2016); *Brown v. U.S. Dist. Court for the Dist. of Md. Clerks Office*, No. 88-7243, 1988 WL 131848 at *1 (4th Cir. Dec. 6, 1988).  The transcript from the sentencing hearing attached to the Complaint indicates that Judge Chasanow planned to instruct the Clerk to enter a Notice of Appeal and Motion and Affidavit in Support for Leave to Appeal *In Forma Pauperis* on behalf of Saunders.  The following day, Fosbrook did just that, and Judge Chasanow granted the Motion.  Because the Complaint and the documents attached to it indicate that Fosbrook acted at the direction of Judge Chasanow, she is immune from suit.  *See McCray*, 456 F.2d at 5.  For the same reason, Cannon, who was Fosbrook's supervisor and whose only action was to respond to Saunders that Fosbrook had acted at the direction of Judge Chasanow, also has immunity from suit.  The Complaint is thus dismissed for failure to state a claim.  *See Coleman v. Rock Hill Mun. Court*, 550 F. App'x 166, 166 (4th Cir. 2014) (affirming pre-service dismissal of a *pro se* litigant's claim against a judge based on absolute immunity); *Oliver v. Braxton*, No. 01-6957, 2001 WL 1242598, at *1 (4th Cir. 2001) (affirming dismissal under 28 U.S.C. § 1915A of a prisoner's complaint against a state magistrate because such officials have absolute immunity from suit for acts performed in their judicial capacity).

**III.   Motions**

Saunders's Motion for Notice of Errors on the Record argues that his Motion for Reconsideration of the order transferring his case to the District of Maryland should have been docketed and ruled upon by the United States District Court for the District of Columbia.  The Motion for Reconsideration asserted that Saunders could not get a fair hearing in the District of Maryland because he was sentenced here and because he has other cases pending in this District that have been allegedly delayed or ignored.  The Court now accepts the Motion for Reconsideration for docketing and construes it as a motion to re-transfer the case back to the

United States District Court for the District of Columbia. Saunders's case, however, was transferred because no defendants reside in the District of Columbia, and no relevant events occurred in the District of Columbia, such that venue is not proper in that District. *See* 28 U.S.C. § 1391(b). Accordingly, Saunders's Motion for Notice of Errors on the Record and his Motion for Reconsideration are denied. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 819 (1988) ("Under law-of-the-case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end."); *Allfirst Bank v. Progress Rail Servs. Corp.*, 178 F. Supp. 2d 513, 517-19 (D. Md. 2001) (refusing to retransfer a case back to the court in which it was filed where the decision to transfer was not "manifestly erroneous").

As for Saunders's Motion to Dismiss Without Prejudice Subject to Refiling an Amended Complaint in D.C. Circuit, the Court construes this Motion as seeking leave to amend the Complaint and to file the amended complaint with the United States District Court for the District of Columbia. Because that court has already determined correctly that venue is not proper in that District, and the defendants in this case have immunity from suit for their official acts taken at the direction of a judicial officer, any such filing would be futile. Consequently, that Motion is denied.

Saunders is cautioned that once three of a prisoner's civil actions have been dismissed as malicious or frivolous or for failure to state a claim, that prisoner is unable to file another civil action while incarcerated without paying the filing fee up front, unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## CONCLUSION

For the foregoing reasons, Saunders's Complaint is DISMISSED. The Motion for Notice of Errors on the Record, ECF No. 6, the Motion for Reconsideration, which the court accepts for

docketing, and the Motion for Leave to Dismiss Without Prejudice Subject to Refiling an Amended Complaint in D.C. Circuit, ECF No. 7, are DENIED.  The Clerk is directed to close this case and to send a copy of this Memorandum Order to Saunders.


Date:  August 16, 2016 　　　　　　　　　　　　　　　　　　　/s/　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　　　THEODORE D. CHUANG
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge